ference is clear, from Hudson's statement to Erb, that he had the balance of down money at home, and from Erb's statement that the mortgage was ready for him when he deposited it, that Hudson alone unwound the deal.

The answer to (2) is that appellant had a perfect right to refuse the return of the $100. Hudson directed and approved it by signing the release, which appellant drew on the advice of counsel.

This is not a case of our being bound by basic findings supported by competent and substantial evidence. Such findings, even when fully credited, give no support to the action of the Commission and the court below.

Beyond this, there is no shred of bad faith or incompetence in appellant's actions. He segregated the $100 and later repaid it rather obviously in obedience to an agreement with the seller-owner: he and his salesman gave service for the amounts appellant retained for the two of them. He acted on advice of counsel, and no act of his was covert or despoiled. He is entitled to a clear quittance.

The order of the Superior Court is reversed, and so is the order of the Court of Common Pleas of Dauphin County. The record is remanded to the latter court with directions to enter judgment for appellant after ordering the restoration of his license. Appellee to pay the costs.

## Verbrican, Appellant, *v.* Wrbican.

Argued October 6, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

460 

 

*William Claney Smith,* with him *Smith, Smith & Zehner,* for appellant.

*Norman H. Jacobs,* with him *Howard J. Hazlett* and *Hazlett, Gannon, Walter & Jacobs,* for appellee.

. OPINION PER CURIAM, November 15, 1960:
Decree affirmed at appellant's costs.

Spanoudakis, Appellant, *v.* Aluminum Company of America.

